HANZ HAYNIE and SYLVIA HAYNIE, Plaintiffs and
Appellants, v. NORTHERN PACIFIC RAILWAY COM-
PANY, et al., Defendants and Respondents.

No. 11825.
Submitted Sept. 21, 1971.
Decided Nov. 12, 1971.
490 P.2d 715.

Gene Huntley (argued), Baker, for plaintiff and appellants. Crowley, Kilbourne, Haughey, Hanson & Gallagher, George C. Dalthorp (argued), Billings, for defendants and respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Hanz and Sylvia Haynie, hereinafter called plaintiffs, brought this action in McCone County, Montana, against the defendant Seismic Engineering and those other defendants who they allege are jointly liable for damages because the defendants have abandoned holes they had drilled, or caused to be drilled, into water bearing structures without plugging them as required by statute and regulations of the Oil and Gas Conservation Commission.

At the conclusion of the defendants' case-in-chief the court directed a verdict and entered judgment for defendants. From this judgment plaintiffs appeal.

The plaintiffs are owners and operators of a dry land farm consisting of approximately 5,000 acres. The defendant Northern Pacific Railway Company owns part of the mineral rights in their land. Others, not parties to the action, own the remainder of the mineral rights.

Defendant Apco Oil Corporation secured a lease from all owners of mineral rights in the land. Apco's agreement with the railway company provided for joint and several liability for any recovery of damages arising from the drilling operations on the land in which Northern Pacific had mineral interests. Defendant Apco then engaged defendant Seismic Engineering to perform the actual drilling operation which resulted in the claimed damage.

The defendant Seismic Engineering drilled 47 "shot" holes averaging 200' in depth and no greater than $4\frac{1}{2}$" in diameter for the purpose of placing explosives for seismic reading.

Upon completion of the project excess cuttings were poured down the holes and they plugged the orifice with an aluminum plug forcing it down into the hole so that the top of the plug was below plow depth.

In this appeal it is conceded by the plaintiffs that the actions of all parties defendant were lawful to the extent of the entry and actual drilling of the holes. It is further conceded that plaintiffs cannot establish any damages to their existing or prospective water supply as a result of the drilling, or the method employed by defendant Seismic Engineering in plugging the holes drilled. Plaintiffs, rather, urge upon this Court that the failure of the defendants to plug the shot holes in the manner they deem required by statute and by the regulation of the Oil and Gas Conservation Commission gives them standing to sue for the amount required to so plug the holes. This amount plaintiffs determine was $200 per hole.

The necessary issue on appeal is whether the method of plugging the shot holes followed by the defendant Seismic Engineering was in violation of statute or Oil and Gas Conservation Commission regulations. Among the statutes relied upon by the plaintiffs is section 69-3304, R.C.M.1947. This statute states that upon completion of exploration, seismographers are obligated to "plug all 'shot holes' and restore the surface around the same as near as practicable to its original condition." The statute does not define or provide the method of plugging contemplated.

To further support the need for plugging in the manner deemed to be required by the Oil and Gas Conservation Commission regulations, plaintiffs direct our attention to section 89-2926, R.C.M.1947, which requires all wells producing water to be so capped and plugged as to prevent waste of water, contamination or pollution of ground waters due to leaky casing pipes, fittings, valves or pumps.

The sections of the Oil and Gas Conservation Commission regulations relied upon by plaintiffs are two: sec. 233.4 which requires that seismic holes shall be plugged so as to protect all

water, oil or gas bearing formation, and sec. 212 which relates to the restoration of the surface location of abandoned wells so as to prevent pollution of fresh water supplies.

It is plaintiffs' contention that the above statutes and regulations require that all shot holes be plugged using a cement or heavy mud mixture to seal the hole from bottom to top.

This contention must fail, a shot hole is not a well. A shot hole is not cased, nor in the cause before us were they found to produce oil, gas or water. Thus the regulations of the Oil and Gas Conservation Commission and section 89-2926, R.C.M.1947, relied upon by the plaintiffs have no bearing on the plugging of seismic shot holes. The holes complained of are $4\frac{1}{2}$" in diameter. There is ample expert testimony in the transcript to show that in drilling seismographic holes, they tend to slough and cave. The hole releases the lateral support from materials around the hole and the pressure from the weight of the earth above has the tendency to force the material toward the center, sealing the hole.

There was in fact ample evidence that the method of plugging the shot holes was the method commonly followed in the seismographic trade. Thus the term ''plug'' not being defined by section 69-3304, R.C.M.1947, and since it is a word having both a popular and a trade or technical meaning, the trade or technical meaning should be used in construing a statute having reference to that trade. 50 Am. Jur. 265; 82 C.J.S. Statutes § 330.

The defendants not having violated any statutory duty to the plaintiffs or anyone else, and the plaintiffs failing to establish any damages, the verdict was properly directed in favor of the defendants.

The judgment is affirmed.

MR. JUSTICES JOHN C. HARRISON, DALY, HASWELL and CASTLES concur.